IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                              **Case No. 05-40127-01-RDR**

JAMES BRENTT WHEELER,

        Defendant.

## MEMORANDUM AND ORDER

This matter is presently before the court upon various pretrial motions filed by the defendant. The court has heard argument on these motions and is now prepared to rule.

The defendant is charged with possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). The firearm was apparently found at the defendant's residence on August 8, 2005 during the execution of a search warrant.

The defendant has filed the following motions: (1) motion for disclosure of information regarding prior or subsequent bad acts; (2) motion for discovery and inspection; (3) motion to compel the disclosure of existence and substance of promises of immunity, leniency or preferential treatment; (4) motion for scientific testing; (5) motion for disclosure of confidential informants; and (6) motion to suppress evidence obtained from search warrant. The defendant has also filed an objection to the information filed by the government pursuant to 18 U.S.C. § 924(e).

**MOTION FOR DISCOVERY AND INSPECTION/MOTION FOR SCIENTIFIC TESTING**

In the motion for discovery, the defendant seeks (1) a list of all evidence the government intends to offer and a list of witnesses it intends to call to testify at trial; (2) all scientific examination results concerning all items from all searches in this case which have not been to date provided in discovery; (3) all Jencks Act material; and (4) a copy of his juvenile adjudication set forth in the government's information filed pursuant to 18 U.S.C. § 924(e).  In the motion for scientific testing, the defendant seeks all forensic examinations performed on the firearm in this case.  He also requests, in the alternative, that the weapon be tested for fingerprints.

In its written response, the government responded that this is a full discovery case.  The government suggested that the information requested by the defendant has been provided.

During the hearing, the court asked the defendant if he had received all that he had requested. Defense counsel indicated that (1) he had received the record of his juvenile adjudication; (2) he was not sure if had seen any Jencks Act materials; (3) he had not seen any fingerprint analysis on the firearm and he continued to request such an examination if one had not been performed; and (4) he still sought a list of exhibits and witnesses from the government and he requested a deadline for the production of those lists.  The government responded to some of the requests made by

2

the defendant, but left others unanswered.  The government noted that the firearm had not been tested and that it would oppose any request for it to test the firearm for fingerprints.  The government noted that it would provide the witness and exhibit lists prior to trial.  The government reiterated that its file is available for review by defense counsel.

In light of the present state of the record, the court will provide some rulings concerning the defendant's requests.  The court will direct the government to provide its witness and exhibit lists to the defendant at least seven days prior to trial.  The court will deny defendant's request that the government conduct a fingerprint analysis of the firearm.  The court will, however, allow the defendant to file another motion within ten days of the date of this order to appoint an expert witness to conduct a fingerprint examination on the firearm.  The government shall have five days in which to file a response if such a motion is filed. Given the fact that this is a "full discovery" case, the court shall assume that the defendant has received the necessary Jencks Act materials.  If there is a problem concerning these materials, the parties should make the court aware of it.

**MOTION FOR DISCLOSURE OF INFORMATION REGARDING PRIOR OR SUBSEQUENT BAD ACTS**

The defendant seeks disclosure of all evidence that the government intends to introduce in its case-in-chief regarding his prior or subsequent misconduct, prior or subsequent "bad acts,"

prior or subsequent criminal conduct not charged in the indictment or evidence that will be offered pursuant to Fed.R.Evid. 404(b). The government has responded in its written response only that it does not intend to offer any Rule 404(b) evidence. The government did not address the other requests. At the hearing, the government indicated the other crimes or acts that it intended to introduce at trial. The defendant's counsel stated that he was satisfied with the government's response. Accordingly, the court shall deny this motion as moot.

**MOTION TO COMPEL DISCLOSURE OF EXISTENCE AND SUBSTANCE OF PROMISES OF IMMUNITY, LENIENCY OR PREFERENTIAL TREATMENT**

The defendant seeks the disclosure of any promises, agreements or arrangements of immunity, leniency or preferential treatment between the government and any prosecution witness or informant or defendant involved in this case. The government has responded that it is not offering any promises of immunity, leniency or preferential treatment to any party other than what is noted in the affidavit in support of the search warrant. The government stated at the hearing that the agreements that have been made thus far are oral in nature. The government stated that it would disclose any plea agreements that are ultimately entered into with any witnesses. With this response, the court will deny this motion as moot.

**MOTION FOR DISCLOSURE OF CONFIDENTIAL INFORMANTS**

4

The defendant seeks disclosure of the names, addresses and present locations of all informants who supplied information concerning the instant indictment. The defendant asks for a variety of specific information concerning each informant.

In response, the government notes that only one confidential informant has not been disclosed, the informant identified as Informant # 1 in the affidavit in support of the search warrant. The government does not wish to disclose the identity of that informant and asserts that the law supports this non-disclosure. The government did not specifically respond to the other requests made by the defendant, but the defendant did not raise any objection to this failure at the hearing. The defendant only argued that he is entitled to disclosure of the identity of Informant # 1. Given the state of the record, the court shall limit its discussion to a determination of whether the government needs to disclose the identity of Informant # 1. If any additional matters are requested, the defendant should promptly advise the court.

The Tenth Circuit has explained the law concerning the disclosure of confidential informants as follows:

> A defendant seeking to force disclosure of an informant's identity has the burden to show the informant's testimony is relevant or essential to the fair determination of defendant's case. In determining whether to require disclosure, a court must balance the public interest in protecting the flow of information against the individual's right to prepare his defense. The court conducts this balancing in light of the crime

>  charged, the possible defenses, and the significance of
>  the informant's testimony.  Where it is clear that the
>  informant cannot aid the defense, the government's
>  interest in keeping secret [the informant's] identity
>  must prevail over the defendant's asserted right of
>  disclosure.

United States v. Gordon, 173 F.3d 761, 767 (10th Cir.), cert. denied, 528 U.S. 886 (1999); see also United States v. Leahy, 47 F.3d 396, 398 (10th Cir. 1995) (stating that the testimony of a confidential informant "must be shown to be valuable to a defendant; mere speculation is not enough").

The defendant has failed to explain how Informant # 1 can provide relevant information concerning the charge against him. The affidavit fails to provide any support for the contention that Informant # 1 participated in any of the defendant's crimes, particularly the defendant's possession of a firearm. The affidavit suggests only that Informant # 1 observed some of the defendant's activities. The information provided by Informant # 1 was merely cumulative to the information provided by the other named informants. Moreover, there is nothing in the affidavit to indicate that Informant # 1 possesses any exculpatory evidence. In sum, the court is not persuaded that disclosure of the identity of Informant # 1 is necessary.

**MOTION TO SUPPRESS EVIDENCE**

The defendant seeks to suppress the evidence seized from his residence on August 8, 2005 pursuant to a search warrant. The defendant contends that the affidavit in support of the search

warrant did not establish probable cause to search his residence. He argues that the affidavit was based on hearsay and "multiple hearsay rumors" from identified and unidentified informants. He further suggests that at least one of the identified informants, Courtney Cannon, has submitted a statement denying the statements attributed to him in the affidavit. Prior to the hearing, the defendant submitted what is purported to be a statement from Mr. Cannon. The statement has a signature that looks like Courtney M. Cannon and two signatures of witnesses, one that appears to be James Wheeler and another that is not readable. The statement reads as follows:

> I Courtney Cannon never said anything pertaining to James Wheeler, to a Det. Doug Garman. Nothing about drugs, guns, etc. weed or any illegal substances, such as people selling or participating in any illegal activity.

In its written response, the government contended that the defendant had failed to produce any evidence in support of his contention that Mr. Cannon has denied the statements attributed to him in the affidavit. The government noted that it is unaware of any such statement by Mr. Cannon. At the hearing, the government suggested that Mr. Cannon's statement was the product of coercion by the defendant. The government had noted in its written response that Mr. Cannon's attorney had requested that Mr. Cannon and the defendant be separated because they were incarcerated at the same facility and Mr. Cannon was being threatened by the defendant. At the hearing, the government submitted a memorandum where it had

7

requested the United States Marshal's Office to separate Mr. Cannon and the defendant.

The standards for the issuance of a search warrant were recently set forth in <u>United States v. Beck</u>, 139 Fed.Appx. 950, 954 (10th Cir. 2005) as follows:

> Before a court can issue a search warrant, "the judicial officer issuing such a warrant [must] be supplied with sufficient information to support an independent judgment that probable cause exists for the warrant." <u>Whiteley v. Warden, Wyo. State Penitentiary</u>, 401 U.S. 560, 564, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971). "A search warrant must be supported by probable cause, requiring 'more than mere suspicion but less evidence than is necessary to convict.'" <u>United States v. Danhauer</u>, 229 F.3d 1002, 1005 (10th Cir. 2000)(quoting <u>United States v. Burns</u>, 624 F.2d 95, 99 (10th Cir. 1980)). "In reviewing whether probable cause existed for issuing a search warrant, [t]he test is whether the facts presented in the affidavit would warrant a man of reasonable caution to believe that evidence of a crime will be found at the place to be searched." <u>United States v. Tisdale</u>, 248 F.3d 964, 971-72 (10th Cir. 2001)(internal quotations omitted)(quoting <u>United States v. Nolan</u>, 199 F.3d 1180, 1183 (10th Cir. 1999)).
> Furthermore, "'[p]robable cause undoubtedly requires a nexus between [the contraband to be seized or] suspected criminal activity and the place to be searched.'" <u>United States v. Rowland</u>, 145 F.3d 1194, 1203 (10th Cir. 1998)(quoting <u>United States v. Corral-Corral</u>, 899 F.2d 927, 937 (10th Cir.1990)). Additionally, where the police do not present oral testimony to the reviewing magistrate, the appellate court must ascertain the existence of probable cause to support a warrant exclusively from the affidavit's four corners. See <u>Whiteley v. Warden, Wyo. State Penitentiary</u>, 401 U.S. at 565 n. 8. Although the reviewing court "should afford a magistrate's probable cause decision great deference," it should "not defer if there is no 'substantial basis for concluding that probable cause existed.'" <u>United States v. Danhauer</u>, 229 F.3d at 1006 (quoting <u>United States v. Rowland</u>, 145 F.3d at 1204).

The court must first consider the allegations concerning the

information provided by Mr. Cannon in the affidavit in support of the search warrant.  The defendant contends, based upon the recent statement of Mr. Cannon, that the affidavit contains false statements, i.e, those statements allegedly made by Mr. Cannon. The defendant suggests that, without the statements of Mr. Cannon and coupled with other problems of stale information, unreliable informants and substantial hearsay, the affidavit fails to establish probable cause for the search of his residence.

> "Under Franks [v. Delaware, 438 U.S. 154 (1978)], a hearing on the veracity of the affidavit supporting a warrant is required if the defendant makes a substantial showing that the affidavit contains intentional or reckless false statements and if the affidavit, purged of its falsities, would not be sufficient to support a finding of probable cause." United States v. Kennedy, 131 F.3d 1371, 1376 (10th Cir. 1997) (citing Franks, 438 U.S. at 155-56, 98 S.Ct. 2674).  "The standards of deliberate falsehood and reckless disregard set forth in Franks apply to material omissions, as well as affirmative falsehoods." United States v. McKissick, 204 F.3d 1282, 1297 (10th Cir. 2000).  If, after considering the evidence presented at a Franks hearing, the district court concludes by a preponderance of the evidence that the affidavit contains "intentional or reckless false statements," Kennedy, 131 F.3d at 1376, or "material omissions," McKissick, 204 F.3d at 1297, "then the district court must suppress the evidence obtained pursuant to the warrant." Id.  If, however, the district court concludes that the omitted information would not have altered the magistrate judge's decision to authorize the search, then the fruits of the challenged search need not be suppressed. Id. at 1297-98; Kennedy, 131 F.3d at 1376.

United States v. Avery, 295 F.3d 1158, 1166-67 (10th Cir.), cert. denied, 537 U.S. 1024 (2002).

The court is not persuaded that a hearing is necessary to

consider the allegations of the defendant concerning the alleged false statements made by Mr. Cannon in the affidavit. For the purposes of this motion, the court shall assume that the statements contained in the affidavit from Mr. Cannon are false. Even with this assumption, we must conclude that the remainder of the affidavit establishes probable cause for the issuance of a search warrant for the defendant's residence. The court notes that the remaining content of the affidavit shows the following: (1) in the spring of 2005 Informant # 1, who had previously provided reliable information to law enforcement officers, stated that he had observed persons engaged in the distribution of cocaine and consumption of marijuana go to defendant's residence at 2417 SE Adams to gamble and smoke marijuana; (2) Informant # 1 also stated in the spring of 2005 that he saw the defendant in possession of several pounds of marijuana at his residence; (3) a trash search conducted on April 1, 2005 at the defendant's residence revealed loose pieces of marijuana, seeds and stems; (4) on April 13, 2005 marijuana and cocaine were discovered in a car driven by two individuals leaving the defendant's residence; (5) a trash search conduced on July 21, 2005 at the defendant's residence revealed pieces of marijuana, marijuana seeds and marijuana stems; (5) on July 25, 2005 Randy Owens, who had previously provided reliable information, told law enforcement officers that he had heard that the defendant was selling cocaine in Topeka; (6) a trash search

conducted on August 4, 2005 at the defendant's residence revealed pieces of marijuana and other items used in the marijuana business; (7) on August 4, 2005, $2000 in cash was discovered in a car driven by two individuals leaving the defendant's residence; (8) surveillance of the defendant's residence showed traffic to and from the defendant's house consistent with drug trafficking; and (9) defendant's criminal history consists of numerous arrests for drug trafficking crimes and a conviction in 1999 for distribution of cocaine.  Based upon the totality of the information contained in the affidavit and without consideration of the information provided by Mr. Cannon, the court finds ample support for the issuance of a search warrant for the defendant's residence.  The affidavit clearly provides probable cause to believe that evidence of a crime was probably present in the place to be searched.  The defendant's suggestion that the affidavit lacks probable cause because it is based upon hearsay and "multiple hearsay rumors" is incorrect.  Hearsay evidence may form the basis for a probable cause determination.  See, e.g., Jones v. United States, 362 U.S. 257, 269 (1960); United States v. Snow, 919 F.2d 1458, 1460 (10th Cir. 1990).  Moreover, the Tenth Circuit has recognized that multiple layers of hearsay may support a finding of probable cause for a search warrant.  United States v. $149,442.43 in U.S. Currency, 965 F.2d 868, 874 n. 3 (10th Cir. 1992).  The court also finds sufficient evidence of reliability in the information

11

contained in the affidavit. The affidavit contains adequate information of the reliability of the informants. See <u>United States v. Baker</u>, 30 F.3d 1278, 1280-81 (10th Cir.), cert. denied, 513 U.S. 906 (1994). In this regard, the court notes many of the details given by the various informants were corroborated by other information. Id. There is little question that the evidence from the trash searches, coupled with the informants' information, provided probable cause for the search warrant. In sum, the defendant's motion must be denied.

**OBJECTIONS TO 18 U.S.C. 924(E) INFORMATION**

The defendant objects to the crimes listed by the government in support of the information. He suggests that two of these crimes are not crimes of violence or serious drug offenses. As correctly pointed out by the government, this objection is premature. The court need only consider it prior to sentencing if that is necessary.

**IT IS THEREFORE ORDERED** that defendant's motion for disclosure of information regarding prior or subsequent bad acts (Doc. # 16) be hereby denied as moot.

**IT IS FURTHER ORDERED** that defendant's motion for discovery and inspection (Doc. # 17) be hereby granted in part and denied in part. The court will direct the government to provide its witness and exhibit lists to the defendant at least seven days prior to trial. The remainder of the motion shall be denied at this time.

**IT IS FURTHER ORDERED** that defendant's motion to compel the disclosure of existence and substance of promises of immunity, leniency or preferential treatment (Doc. # 18) be hereby denied as moot.

**IT IS FURTHER ORDERED** that defendant's motion for scientific testing (Doc. # 19) be hereby denied.  The court will deny defendant's request that the government conduct a fingerprint analysis of the firearm.  The court will, however, allow the defendant to file another motion within ten days of the date of this order to appoint an expert witness to conduct a fingerprint analysis on the firearm.  The government shall have five days in which to file a response if such a motion is filed.

**IT IS FURTHER ORDERED** that defendant's motion for disclosure of confidential informants (Doc. # 22) be hereby denied.

**IT IS FURTHER ORDERED** that defendant's motion to suppress evidence (Doc. # 23) be hereby denied.

**IT IS SO ORDERED.**

Dated this 6th day of January, 2006 at Topeka, Kansas.

s/Richard D. Rogers
United States District Judges